### DE ARMAS vs. MORGAN.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff states he was the last and highest bidder for the sum of twelve hundred dollars, of a lot of ground, on which there existed a previous special mortgage for $1250, at a sale made by the defendant, on a writ of *fieri facias*, under the 17th section of the act of assembly

Property specially mortgaged, cannot be sold at the suit of a third party, unless it bring more than the amount for which it is mortgaged.

3ns604
107  435

entititled an act to amend the several acts, &c., approved the 28th of January, 1817. That he expressed his readiness to comply with the conditions of the sale, viz. to be responsible to the first mortgagee for the said twelve hundred dollars, and required the defendant to put him in possession, and give him a title to the premises, &c., which he refused to do.

There was judgment for the former, and the latter appealed.

The statement of facts admits those stated in the petition.

The act provides that whenever any special mortgage exists on the property offered for sale on a writ of *fieri facias*, in favor of any other person than the plaintiff, in the *fieri facias*, it shall be sold subject to such special mortgage, to be paid by the purchaser, and the sheriff shall only receive from the latter, the surplus for which the said property shall have been sold, over and above the amount of such special mortgage, and shall apply the same to satisfy the *fieri facias*.

The defendant's counsel urges the judgment ought to be affirmed, because the sheriff cannot sell property especially mortgaged, to a third party, unless something be bidden, be-

East'n. District.
*May* 1825.

DE ARMAS
*vs.*
MORGAN

yond the amount it is mortgaged for, and he refers us to *Landreaux* vs. *Hazzelton,* vol. 1, 600.

The plaintiff's counsel insists that there was a sale for the property seized was to be sold for what it could fetch. That a sheriff's sale cannot be avoided, on account of the inadequacy of the price, and he refers us to *De Ende* vs. *Moore, vol.* 2, 336.

The case relied on by the plaintiff's counsel establishes nothing, but the principle that the purchaser of property, at a probate sale acquires it free from incumbrance.

But it is of the essence of every sale, that there should be *a price*, received or to be received by the vendor; now, in the present case whether we consider the plaintiff in the *fieri facias*, or the sheriff as the vendor, there was *no price* received or to be received by either. The mortgaged creditor cannot be considered as the vendor, nor the sheriff as his agent, for the sale was made without his participation, consent, or even knowledge; if the law interfered, with his mortgage it could only be after securing his payment, and the present sale compels him to be satisfied, if it has any effect with a part of his claim.

We think the district court acted correctly in deciding that there was no sale. In the case cited by the defendant's counsel, we held that a sale by the sheriff, of property specially mortgaged, when there is no surplus, nothing after paying the mortgage, would be *useless* to the plaintiff, and oppressive to the defendant; one, like the present, in which the price is less than the amount of the special mortgage, would be destructive of the right of the mortgagee; either would have the effect of showing the melancholy insufficiency of the law.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*De Armas* for the plaintiff, *Hennen* for the defendant.